UNITED STATES DISTRICT COURT
IN SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22075

FRANCINA FERGUSON,

Plaintiff,

vs.

MIAMI PARKING AUTHORITY,

Defendant.
_______________________________/

# MIAMI PARKING AUTHORITY'S MOTION TO DISMISS

COMES NOW the Defendant, Miami Parking Authority ("the MPA"), by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss the Complaint filed by Plaintiff, Francina Ferguson. The Complaint arises from Ferguson's termination from the MPA, which Ferguson asserted constituted racially motivated discrimination. The same operative facts were the subject of a full evidentiary hearing before the Miami Dade County Commission on Human Rights ("the County Commission"), and resulting in a final order from the County Commission that ordered the MPA to reinstate Ferguson, and awarded her back pay with interest, attorney's fees and costs. Ferguson subsequently filed a motion to enforce the County Commission's final order in Miami-Dade Circuit Court, case number 14-028703 CA 08, which is presently pending before the Honorable Gisela Cardonne Ely ("the Enforcement Action"). Ferguson also filed the instant Complaint in Miami-Dade Circuit Court, seeking damages under Title VII, the Florida Civil Rights Act, and

42 U.S.C. Section 1983. The MPA removed to this Court, and now moves to dismiss the Complaint.

The Complaint should be dismissed because it is premised on a legal argument that liability has already been established through the County Commission's final order. Because the findings of the County Commission cannot serve as a basis for liability here, under the doctrine of res judicata or otherwise, the Complaint fails to state a cause of action. The Complaint fails to articulate any facts that would support the claims under any of the theories of liability, as the Complaint entirely relies on the findings made in the final order of the County Commission. Having failed to articulate a sufficiently detailed factual basis to support liability, the Complaint should be dismissed. Further, the claims alleged in Counts II and III are time barred under the applicable statute of limitations, and those counts should be dismissed, with prejudice. Count III also fails to state a cause of action under 42 U.S.C. Section 1983, because Ferguson fails to allege a pattern or practice of discrimination.

## FACTS AND PROCEDURAL HISTORY

Ferguson filed a charge of discrimination based on race with the United State Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Rights ("FCHR"), and the County Commission. (Complaint ¶ 6). The County Commission investigated Ferguson's allegations. (Complaint ¶ 7). The County Commission issued recommended findings, which determined the MPA violated the Ferguson's rights. (Complaint ¶ 8). Following a three-day evidentiary hearing on the MPA's appeal of the recommended findings, the County Commission issued a final order finding in favor of Ferguson. (Complaint ¶ 11). The final order, dated August 15, 2012, instructed the MPA to reinstate Ferguson, pay back pay with interest, and awarded attorney fees and costs. (Complaint ¶ 11). Ferguson sought to enforce the County

Commission's final order in Miami-Dade Circuit Court, case number 14-028703 CA 08. There, the court ordered the MPA to pay Ferguson $100,000, based on the MPA's assertion that a statutory cap on damages applied to the proceedings before the County Commission. The MPA paid Ferguson $100,000, and proceedings in the Enforcement Action are still ongoing to resolve issues related to damages, the statutory cap on damages, and attorney's fees.

While the Enforcement Action was still pending, Ferguson filed this cause of action on March 3, 2015, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-2(a)(1) ("Title VII"), The Florida Civil Rights Act, Fla. Stat. Ch. 760 ("FRCA"), AND 42 U.S.C. Section 1983 ("§1983"). (Complaint Pg. 6-9). In the Complaint, Ferguson requests back pay, noneconomic damages, punitive damages, and attorney's fees. (Complaint Pg. 5-6). The Complaint is premised on Ferguson's theory that liability as to all of the causes of action contained in the Complaint has already been determined by the County Commission's final order. Ferguson alleges that "the doctrines of res judicata, collateral estoppel, judicial estoppel and/or legal preclusion prevent the MPA from relitigating the matter of its liability. . . ." (Complaint ¶ 15).

## <u>STANDARD OF REVIEW</u>

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A plaintiff is required, however, "to provide the grounds of his entitlement to relief" . . . "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

When the basis for the 12(b)(6) motion is a statute of limitations, "dismissal . . . is appropriate only if it is apparent from the face of the complaint that the claim is time-barred because a statute of limitations bar is an affirmative defense, and . . . plaintiffs are not required to negate an affirmative defense in their complaint." *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted)). A complaint may only be dismissed on statute of limitations grounds "if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005).

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION BECAUSE LIABILITY IS ASSUMED BASED ON THE FINAL ORDER OF THE COUNTY COMMISSION

***The Doctrine of Res Judicata Does Not Apply Because the County Commission is Not a Court of Competent Jurisdiction As to the Claims Now Raised***

The Complaint is premised on the theory that liability as to all of the claims brought has already been determined by the proceedings before the County Commission. Paragraph 15 of the Complaint specifically asserts that County Commission's findings are binding on this court:

> Based upon the determinations made in the Final Order dated August 15, 2012, the doctrines of res judicata, collateral estoppel, judicial estoppel and/or legal preclusion prevent the MPA from relitigating the matter of its liability with respect to every matter that was offered and received in the adversarial proceedings of this matter that formed the basis for the Final Order.

(Complaint ¶ 15). Ferguson's theory of predetermined liability here is unsupported by the case law.

Ferguson's reliance on the doctrine of res judicata is misplaced because the res judicata doctrine only applies if there is judicial finality. *Olmstead v. Amoco Oil*, 725 F.2d 627, 632 (11th Cir. 1984). Judicial finality "arises only from the final decision rendered after the parties have been given a reasonable opportunity to litigate a claim *before a court of competent jurisdiction*." *Id.* (citing *Kasper Wire Works Inc. v. Leco Engineering & Machinery*, 575 F. 2d 530, 437-38 (5th Cir. 1978) (emphasis added). Therefore, "[i]f the court of the first proceeding is unable to adjudicate certain claims for jurisdictional reasons, then those claims are not barred in a subsequent suit." *Id.*

The County Commission cannot bind this court in a Title VII, FRCA, or §1983 action because the County Commission cannot enforce Title VII, the FRCA, or §1983. See § 11A-5, Miami-Dade Code of Ordinances. In addition, the County Commission cannot award noneconomic compensatory or punitive damages, all of which are available before this court under each cause of action. *Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc.*, 511 So. 2d 962, 963-66 (Fla. 1987). Therefore, the County Commission is not a court of competent jurisdiction, and its final order is not binding on this court.

The County Commission is not a court of competent jurisdiction because the Plaintiff could not have pursued a Title VII, FRCA, or §1983 cause of action before the County Commission. Section 11A-4 of the Miami-Dade Code of Ordinances establishes the County Commission. § 11A-4, Miami-Dade Code of Ordinances. The County Code goes on to specify the duties and powers of the Commission, which include the power "[t]o issue . . . final orders [that] will carry out the purposes of *this chapter*," and "[t]o award quantifiable relief to a prevailing complainant for injuries incurred as a proximate result of an act prohibited by *this*

*chapter* . . . ." § 11A-5, Miami-Dade Code of Ordinances (emphasis added). Under the County Code, therefore, the County Commission has been established to enforce the substantive provisions of Chapter 11A of the Code, which is Miami-Dade's local anti-discrimination ordinance. There is no mention in the enabling statute that the County Commission is empowered to enforce either the FRCA, Title VII, or § 1983. As such, any attempt by the County Commission to enforce these other laws would be beyond the scope of its delegated authority. Rather, the County Commission's previous ruling relates to Section 11-A only.

Furthermore, in order to be a court of competent jurisdiction, the County Commission must have the ability to award the types of damages the Ferguson is seeking in her Complaint. By law, the County Commission cannot award noneconomic compensatory or punitive damages. In *Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc.*, the Florida Supreme Court held that an administrative agency created to enforce a local ordinance cannot award damages for non-quantifiable injuries, because awarding those damages without a jury trial violated Article I, Section 22 of the Florida Constitution. *Metropolitan Dade County Fair Housing and Employment Appeals Board v. Sunrise Village Mobile Home Park, Inc.*, 511 So. 2d 962, 963-66 (Fla. 1987); *see also Broward County v. La Rosa*, 505 So. 2d 422, 424 (Fla. 1987).

The Eleventh Circuit has similarly held that the doctrine of res judicata does not apply when a plaintiff files a case in federal court after prevailing in an administrative proceeding. In *Healy v. Town of Pembroke Park,* the plaintiff filed an unfair labor practice with the State of Florida Public Employees Relations Commission ("PERC"). *Healy v. Town of Pembroke Park*, 831 F.2d 989, 990 (11th Cir. 1987). PERC found in favor of the plaintiff and ordered full reinstatement and back pay. *Id.* at 991. Much like in this case, the Town appealed, and the

plaintiff moved to enforce PERC's final judgment in state court. *Id.* at 991. The plaintiff later filed a §1983 cause of action in federal court based on the same facts, but requesting compensatory damages, punitive damages, and attorney's fees. *Id.* The Town argued that res judicata prevented the plaintiff from filing the new cause of action in federal court. *Id.* The court rejected the Town's argument, finding that res judicata did not apply because PERC was not a court of competent jurisdiction, as it could not have awarded damages for mental suffering, emotional anguish, or punitive damages. *Id.*

In *University of Tennessee, et al., v. Elliott*, the U.S. Supreme Court held that federal courts are not bound by state administrative decisions. *University of Tennessee, et al., v. Elliott*, 478 U.S. 788, 793 (1986). In *Elliot*, the plaintiff challenged his discharge in front of the Tennessee Uniform Administrative Procedures Act. *Id.* at 791. The plaintiff argued that his discharge was racially motivated in violation of Title VII, and other federal statutes. *Id.* The plaintiff was entitled to a full administrative hearing, which was presided over by an Administrative Law Judge. *Id.* The plaintiff lost at the administrative level, even after his appeal. *Id.* The plaintiff subsequently filed a federal law suit under Title VII and § 1983. *Id.* at 793. The trial court thought that the plaintiff was not entitled to re-litigate his claim, and granted summary judgment in favor for the defense. *Id.* The Supreme Court reversed, finding that the plaintiff was entitled to a trial *de novo*, even after an administrative proceeding. *Id.* at 796. The Court reasoned that "[s]ince it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such decision were to be afforded preclusive effect in a State's own courts." *Id.* at 793 (citing *Kremer v. Chemical Construction Corp.*, 456 U.S. 461 (1982)). The Court

reasoned that if it did not have to give preclusive effect to EEOC findings, then it certainly did not have to give a preclusive effect to a state administrative agency's findings. *Id.* at 795.

The Complaint alleges violations of Title VII, the FRCA, and §1983. The County Commission did not have jurisdiction to enforce any of those statutes. In addition, Ferguson is requesting damages that she was not entitled to before the County Commission. The County Commission is not a court of competent jurisdiction because it did not have jurisdiction to litigate the causes of action now brought, or to award the damages the Ferguson now seeks. Therefore, res judicata does not apply, and this court must conduct a trial *de novo.*

***The Doctrine Collateral Estoppel Does Not Apply Because the County Commission is Not a Court of Competent Jurisdiction As to the Claims Now Raised***

Similarly, the doctrine of "[c]ollateral estoppel precludes consideration of an issue when the identical issue has previously been fully litigated and determined between the same parties in a contest that resulted in a final decision by a court of *competent jurisdiction*."*Atl. Shores Resort, LLC v. 507 S. St. Corp.*, 937 So. 2d 1239, 1243 (Fla. 3d DCA 2006) (emphasis added). "The courts have emphasized that collateral estoppel precludes relitigation of issues *actually litigated* in a prior proceeding." *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1079 (11th Cir. 2013) (citation omitted). As has been asserted above with respect to the doctrine of res judicata, the County Commission is not a court of competent jurisdiction with respect to the claims now raised in the Complaint. The County Commission has no jurisdiction to hear claims under Title VII, the FRCA, or §1983. See § 11A-5, Miami-Dade Code of Ordinances (County Commission has the power "[t]o issue . . .  final orders [that] will carry out the purposes of *this chapter*," and "[t]o award quantifiable relief to a prevailing complainant for injuries incurred as a proximate result of an act prohibited by *this chapter* . . . ") (emphasis added).

Further, collateral estoppel cannot apply here because there are differences in the burden of persuasion and evidentiary rules between the prior proceedings before the County Commission and the instant case. "Relitigation of an issue is not precluded by the doctrine of collateral estoppel where the party against whom the doctrine is invoked had a heavier burden of persuasion on that issue in the first action than he does in the second, or where his adversary has a heavier burden in the second action than he did in the first." *Newport News Shipbuilding & Dry Dock Co. v. Dir., Office of Workers' Comp. Programs, U. S. Dept. of Labor*, 583 F.2d 1273, 1279 (4th Cir. 1978)). Here, the County Commission was charged with determining whether probable cause existed that a discriminatory act had taken place. (Complaint at Ex. B). In the instant proceedings, however, Ferguson will be required to establish the elements of any cause of action by a preponderance of the evidence. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 99 (2003) ("the '[c]onventional rul[e] of civil litigation [that] generally appl[ies] in Title VII cases" . . . "requires a plaintiff to prove his case 'by a preponderance of the evidence.'"). Further, the County Commission operates using more lax evidentiary standards, and admits hearsay evidence.

## II. PLAINTIFF HAS FAILED TO BRING THE CLAIMS ALLEGED IN COUNT II (VIOLATION OF FLORIDA CIVIL RIGHTS ACT) WITHIN THE STATUTE OF LIMITATIONS

In Count II of the Complaint, Ferguson asserts that the City violated section 760.01, Florida Statutes, the Florida Civil Rights Act. Count II of the Complaint should be dismissed because it was brought outside the applicable statute of limitations. A civil action brought pursuant to the FCRA has a one year statute of limitation from the date of the reasonable cause determination. § 760.011 (5), Fla. Stat. (2014) ("A civil action brought under this section shall be commenced no later than 1 year after the date of determination of reasonable cause by the commission."). In addition, the FRCA does not permit tolling of the limitations period for

equitable cause. *Ross v. Jim Adams*, 871 So. 2d 312, 315 (Fla. 2d DCA 2004). The County Commission issued a final order on August 15, 2012. (Complaint ¶ 11). The Plaintiff, therefore, had one year from August 15, 2012, to file a civil action pursuant to the FCRA. The Plaintiff did not file a cause of action until March 3, 2015, well after the one year limitation. Therefore, Count II should be dismissed, with prejudice, because it is untimely.

## III. PLAINTIFF HAS FAILED TO BRING THE CLAIMS ALLEGED IN COUNT III (VIOLATION OF FLORIDA CIVIL RIGHTS ACT) WITHIN THE STATUTE OF LIMITATIONS AND FAILS TO ALLEGE A PATTERN OR PRACTICE OF DISCRIMNATION SUFFICIENT TO STATE A CAUSE OF ACTION UNDER THIS THEORY

***Plaintiff failed to bring Count III within the statute of limitations***

Plaintiff alleges that the MPA violated 42 U.S.C. §1983 in Count III of the Complaint. Count III of the Complaint should dismissed because it was brought outside the applicable statute of limitations. Florida has a four-year statute of limitations for bringing claims under §1983. *Chappell v. J.W. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years")). It is well established that "[c]laims of discrimination accrue when the plaintiff is informed of the discriminatory act." *Everett v. Cobb County School District*, 138 F.3d 1407, 1410 (11th Cir. 1998). In this case, the alleged discriminatory act was the Ferguson's termination, which took place on July 24, 2009. (Complaint at Ex. B, ¶ 2). More than four years has passed between July 2009 and the filing of the Complaint on March 3, 2015. Therefore, Count II should be dismissed, with prejudice, as untimely.

***Plaintiff fails to allege a pattern or practice of discrimination in Count III***

Count III of the Complaint further fails to establish a prima facie case under §1983. In order to establish a §1983 claim against the MPA, the Plaintiff must allege: (1) his/her constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; *and* (3) that the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing City of *Canton Ohio v. Harris*, 489 U.S. 378, 388 (1989)) (emphasis added). "In order to demonstrate a custom or practice of discrimination, plaintiff must allege facts showing a persistent, widespread practice of city officials or employees that fairly represents municipal policy." *Id.* (citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984)); *See also Griffin v. City of Opa Locka*, 261 F.3d 1295, 1308 (11 Cir. 2001) (plaintiff must prove widespread practice that is so well settled and permanent it has become custom.). Isolated instances of discrimination are not enough to establish a policy of discrimination. *Gonzalez v. Public Health Trust d/b/a Jackson Memorial Hospital*, 1988 WL 168379 (S.D. Fla. 1988).

Ferguson fails to allege a custom or policy of discrimination in the Complaint. Ferguson fails to allege any discrimination other than her own. Therefore, Count III of the Complaint should be dismissed.

## CONCLUSION

The Complaint should be dismissed because all of the causes of action are premised on Ferguson's faulty theory that liability as to each claim has been predetermined through the final order of the County Commission. Further, Counts II and III of the Complaint should be dismissed, with prejudice, as untimely. Count III of the Complaint should also be dismissed because Ferguson failed to allege a policy or custom of discrimination.

VICTORIA MÉNDEZ, City Attorney
KERRI L. MCNULTY, Assistant City Attorney
STEPHANIE K. PANOFF, Assistant City Attorney
Attorneys for **MIAMI PARKING AUTHORITY**
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email: klmcnulty@miamigov.com
Secondary Email: skpanoff@miamigov.com

By: s/Kerri L. McNulty______________
Kerri L. McNulty, Assistant City Attorney
Florida Bar No. 16171

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 23rd day of June, 2015.

By: s/Kerri L. McNulty______________
Kerri L. McNulty, Assistant City Attorney
Florida Bar No. 16171

## SERVICE LIST

Martin Leach, Esq.
Michael Feiler, Esq.
Feiler & Leach, P.A.
901 Ponce de Leon Blvd, PH
Coral Gables, FL 33134
E-mail(s): erodriguez@flmlegal.com; mel@flmlegal.com; mbf@flmlegal.com
Attorney for the Plaintiff**, FRANCINA FERGUSON**